# Supreme Court of Florida

_____

No. SC21-1601

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.240.**

September 1, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Rule of General Practice and Judicial Administration 2.240. We have jurisdiction. *See* art. V, § 2(a), Fla. Const. On November 17, 2021, the Trial Court Performance and Accountability Commission (TCP&A) filed a report proposing amendments to rules 2.240(b)(1)(B) and 2.240(c). The TCP&A's report was in response to a directive by this Court to study a 2016 report by the Judicial Needs Assessment Committee, to review rules 2.240(b)(1)(B) and 2.240(c) in light of that report, and to suggest any necessary modifications. This Court previously published the proposed amendments for comment, and no comments were received.

Having considered the proposed amendments, the Court hereby amends rule 2.240. New language is added to rule 2.240(b)(1)(B), which sets out a list of secondary factors this Court may consider when determining if additional trial judges are needed in a particular jurisdiction. Specifically, subdivision (b)(1)(B)(vii) is amended to allow this Court to consider not only the geographical size of a jurisdiction but also its composition, including the location of relevant facilities within that jurisdiction. Subdivision (b)(1)(B)(viii) is amended to allow the Court to consider not only law enforcement practices that can affect judicial workload but also prosecutorial practices.

Also, three new subdivisions are added to rule 2.240(c), which sets out additional trial court workload factors for the Court to consider in addition to the statistical criteria articulated in subdivision (b). Specifically, new subdivisions (c)(12)-(14) now allow the Court to consider the impact of problem-solving courts, the development and use of technology and necessary training in its use, and participation in election canvassing boards.

Accordingly, we hereby amend Florida Rule of General Practice and Judicial Administration 2.240 (Determination of Need for

Additional Judges), as reflected in the appendix to this opinion.

New language is indicated by underscoring; deletions are indicated

by struck-through type. The amendments to the rule shall become

effective immediately.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Honorable Diana L. Moreland, Chair, Commission of Trial Court Performance and Accountability, Bradenton, Florida, and Lindsay Hafford, Senior Court Operations Consultant, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 2.240. DETERMINATION OF NEED FOR ADDITIONAL JUDGES

**(a)** **[No Change]**

**(b)** **Criteria.**

(1) *Trial Courts.*

(A) [No Change]

(B) Other factors may be utilized in the determination of the need for one or more additional judges. These factors include, but are not limited to, the following:

(i) - (vi) [No Change]

(vii) The geographic size <u>and composition</u> of a circuit, including travel times between courthouses in a particular jurisdiction <u>and the presence of community facilities such as correctional facilities, medical facilities, and universities</u>.

(viii) <u>Prosecutorial practices and</u> ~~L~~law enforcement activities in the court's jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.

(ix)-(x) [No Change]

(C) [No Change]

(2) [No Change]

**(c)** **Additional Trial Court Workload Factors.** Because summary statistics reflective of the above criteria do not fully measure judicial workload, the supreme court will receive and consider, among other things, information about the time to

perform and volume of the following activities, which also comprise the judicial workload of a particular jurisdiction:

(1) - (9) [No Change]

(10)  participate in meetings with those involved in the justice system; ~~and~~

(11)  participate in educational programs designed to increase the competency and efficiency of the judiciary~~.~~;

(12)  preside over problem-solving courts;

(13)  use, as well as participate in the development of and training on, technology systems; and

(14)  participate in election canvassing boards.

**(d)    [No Change]**

**Court Commentary**

**[No Change]**